UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY D.H. OLINDE, JR.

VERSUS

LOUISIANA HEALTH SERVICE &
INDEMNITY COMPANY D/B/A BLUE
CROSS BLUE SHIELD OF LOUISIANA

CIVIL ACTION

NUMBER 15-494-JWD-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 12, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HENRY D.H. OLINDE, JR.

VERSUS

LOUISIANA HEALTH SERVICE &
INDEMNITY COMPANY D/B/A BLUE
CROSS BLUE SHIELD OF LOUISIANA

CIVIL ACTION

NUMBER 15-494-JWD-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiff Henry D.H. Olinde, Jr. Record document number 5. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be granted.

### Background

Plaintiff filed a Petition For Refund of Insurance Premiums in state court against defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana (BCBS). Plaintiff sought recovery of premiums paid from September 1, 2006 to January 21, 2015 on an individual health insurance policy issued by BCBS. Plaintiff alleged that during this same time period he and his family were also insured under an employer group policy also issued by BCBS. Plaintiff alleged that the two policies insured the exact same risks and BCBS simultaneously collected two

---

[1] Record document number 6. Plaintiff filed a reply memorandum. Record document number 9.

monthly premiums for duplicate coverage. Plaintiff argued that he is entitled to a refund for the premiums paid for his individual health insurance policy. Plaintiff asserted only state law claims.

Defendant removed the case to this court alleging federal question jurisdiction under 28 U.S.C. § 1331 pursuant to Section 502(a)(1)(B) of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Defendant argued that the plaintiff's claim seeks benefits arising under both a group employee health benefits plan and an individual health benefits plan issued by BCBS. Defendant asserted that the employee group plan qualifies as an employee welfare benefit plan under ERISA, the plaintiff's claim for benefits arises under § 1132(a)(1)(B), and his state law claim is completely preempted.

Plaintiff moved to remand arguing that there is no basis to find subject matter jurisdiction under ERISA. Plaintiff argued that he is not seeking benefits under his employee group plan and that his claim is based solely on payment of premiums for his individual insurance policy. Because his individual policy does not qualify as an employee welfare benefit plan under ERISA, complete preemption under § 1132(a)(1)(B) is inapplicable. Plaintiff also requested an award of attorney's fees and costs incurred in connection with the motion.

**Applicable Law**

A district court has removal jurisdiction in any case where it

has original jurisdiction, and the court has original federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 1441(a) and 1331. A defendant seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Ordinarily, determining whether a case arises under federal law is governed by the well-pleaded complaint rule - a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint. Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provide a defense to a state law claim is insufficient to establish federal question jurisdiction. *Id.; Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-08, 124 S.Ct. 2488 (2004). However, an exception to the well-pleaded complaint rule exists when a federal statute totally displaces state law causes of action through complete preemption. When a federal statute completely preempts state law, any claim which comes within the scope of that statute, even if plead in terms of state law, is in reality based on federal law and can be removed. ERISA is one of those federal statutes. *Id.*

Under 29 U.S.C. § 1132(a)(1)(B) a civil action may be brought by a participant, beneficiary, or fiduciary to recover benefits due under the terms of a plan, enforce or clarify rights to future

3

benefits under the terms of the plan, or enforce the terms of the plan. It states in relevant part as follows:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought--
>
> (1) by a participant or beneficiary--
>
> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C.A. § 1132

The term "plan" referenced in § 1132(a)(1)(B) includes an employee welfare benefit plan, which is defined as "any plan, fund, or program which was [] established or maintained by an employer [] to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ..." 29 U.S.C. §§ 1002(1) and (3).

4

Complete preemption exists when a claim or remedy falls within the scope of, or is in direct conflict with, § 1132(a). This section, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of the fact that it is artfully plead as a state action. *McGowin v. Manpower Intern., Inc.*, 363 F.3d 556, 559 (5th Cir. 2004). Therefore, any state law cause of action that duplicates, supplements or supplants the civil enforcement remedies of § 1132(a) conflicts with Congress's intent to make the ERISA remedy exclusive, and is preempted. *Davila,* 542 U.S. at 209, 124 S.Ct. At 2495. In other words, if an individual at some point in time could have brought his claim under ERISA, and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted and provides a basis for federal jurisdiction. *Id.*; *Davila*, *supra*; *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). To determine whether the state law causes of action alleged fall within the scope of ERISA, the court examines the plaintiff's allegations, the statutes on which the state law causes of action are based, and the plan documents. *Davila*, 542 U.S. at 211, 124 S.Ct. at 2496

Plaintiffs also moved for an award of costs and attorney's fees incurred in connection with his motion to remand. There is no

5

automatic entitlement to an award of costs and attorney fees under § 1447(c).  The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary.  The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.  *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.  *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993);

6

*Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

## Analysis

Defendant failed to satisfy its burden of establishing federal question jurisdiction by complete preemption under ERISA. Plaintiff is only seeking a refund of premiums paid for his individual insurance policy. It is undisputed that the plaintiff's individual policy is not an ERISA plan.

Defendant's argument that the plaintiff is requesting benefits under his employee plan are unsupported by any allegations in the petitioner or elsewhere in the record. Defendant's interpretation of the allegations in the petitioner are distorted and unreasonable. The fact that the plaintiff's premium refund claim may require a comparison of the terms and benefits of the employee group policy with those of his individual policy does not change the nature of his claim. He did not seek any benefit, or clarification of his rights, under the group plan or ERISA. Defendant has not pointed to any applicable case law that would extend the reach of complete preemption under § 1132(a)(1)(B) to the circumstances in this case.

In its opposition, the defendant also argued that the plaintiff's efforts to collect benefits, interpret benefit provisions, compare the two policies, and coordinate benefit payments "relate to an employee benefit plan" and thus come within

the scope of ERISA's express preemption provision § 514(a), 29 U.S.C. § 1144(a). This section states that ERISA supersedes "any and all State laws insofar as they may not or hereafter relate to any employee benefit plan...." This section is ERISA's defensive preemption provision and does not establish federal question jurisdiction over state law causes of action that fall within its scope. *Giles,* 172 F.3d at 336-37. Generally, the fact that a federal law provides a defense to a state law claim is insufficient to establish federal question jurisdiction. *Davila*, *supra.* Complete preemption under § 1132(a) is required for removal jurisdiction; conflict preemption under § 1144(a) is not also required. *Arana v. Oschsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003).

Because the defendant failed to show that the plaintiff is seeking recovery of benefits/enforcement of rights under ERISA or an ERISA plan, federal question jurisdiction under ERISA has not been established.

## Award of Fees and Costs

Plaintiff also moved for an award of attorney's fees and costs, presumably under § 1447(c), but he did not present any analysis explaining why he is entitled to an award under the applicable law. An award under § 1447(c) requires a showing that at the time of removal the defendants lacked an objectively

reasonable basis for seeking removal.[2]  Considering this standard, a finding that BCBS lacked an objectively reasonable basis for the removal is not warranted bases on the plaintiff's motion.  Thus, the plaintiffs' request for an award of fees and costs incurred in connection with the Motion to Remand should be denied.

### Conclusion

No federal question appears on the face of the plaintiff's state court Petition For Refund of Insurance Premiums.  Defendant failed to demonstrate that removal was proper because federal question jurisdiction exists based on complete preemption under the civil enforcement provision of ERISA § 1132(a).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Henry D.H. Olinde, Jr. be granted insofar as the plaintiff sought an order remanding the case to state court, and be denied insofar as the plaintiff sought an award of expenses.

Baton Rouge, Louisiana, October 12, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Nor did the plaintiffs set forth the costs and fees he incurred in connection with filing the motion.